IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JM & GW ENTERPRISES,** *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil No. **PJM 18-3650** |
| **THE MATWORKS COMPANY LLC,** | * * | |
| Defendant. | * * | |

## **MEMORANDUM OPINION**

Plaintiffs JM & GW Enterprises, LLC and Jodie Leamer filed a Complaint in the Circuit Court for Prince George's County, Maryland against The Matworks Company alleging (a) breach of contract, (b) breach of contract—improper termination, (c) intentional interference with contractual relations, (d) defamation (as to Leamer), (e) intentional infliction of emotional distress (as to Leamer), and (f) conversion. ECF No. 1-2.

The case was filed in the Circuit Court for Prince George's County pursuant to a forum selection clause in the contracts between JM & GW and Matworks that form the basis of the former's claims here. Matworks, however, removed the case to this Court, accompanied by a Motion to sever JM & GW's contract-related claims from Leamer's personal injury claims. ECF No. 5. Plaintiffs, in turn, have filed a Motion to Remand to State Court. ECF No. 7. For the reasons that follow, Defendant's Motion to Sever is **DENIED** and Plaintiffs' Motion to Remand is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

JM & GW is a Texas limited liability corporation that operates primarily as a commercial janitorial services company in Texas. Leamer is a resident of Texas and the managing member of JM & GW there. Matworks is a Maryland LLC that installs, manages, and maintains commercial flooring in retail businesses throughout the United States. It sub-contracted to JM & GW to provide cleaning and maintenance services on floors at several retail establishments in Texas (the contracts). JM & GW and Leamer now sue Matworks for the referenced causes of action.

JM & GW claims breach of contract, alleging that Matworks (a) failed to pay for services rendered, and (b) terminated its contracts with JM & GW in a manner inconsistent with the contracts. JM & GW further claims that Matworks intentionally interfered with contractual relations by contacting various JM & GW employees and urging them to terminate their employment with JM & GW and accept instead direct employment with Matworks or the retail establishment where the JM & GW contracts were being performed. Finally, JM & GW posits a conversion claim against Matworks, alleging that after terminating its contracts, Matworks prevented JM & GW from returning to the stores where its equipment was stored in order to recover its equipment. Matworks is now purportedly using JM & GW's equipment to perform the services JM & GW previously performed under the contracts.

Leamer sues for defamation and intentional infliction of emotional distress. These claims stem from an alleged incident in which an unidentified Matworks employee surreptitiously took a photo of Leamer, attached a sexually suggestive (and false) statement to it, and sent it via text message to others within and outside the Matworks organization.

Matworks removed the case to this Court, claiming diversity jurisdiction and, as indicated, seeks to sever Leamer's claims from those of JM & GW. Plaintiffs have filed a Motion to Remand the entire case back to state court.

## II.     LEGAL STANDARD

Removal jurisdiction must be strictly construed because it raises significant federalism concerns. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)). Federal courts have diversity jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In cases where the parties are not completely diverse but the amount in controversy is satisfied, courts may drop non-diverse parties in order to achieve complete diversity pursuant to Federal Rule of Civil Procedure 21. *Sullivan v. Calvert Memorial Hospital*, 117 F. Supp. 3d 702, 704-05 (D. Md. July 30, 2015). Courts in this District recognize that "as a prudential matter, federal courts should give effect to a valid and enforceable forum-selection clause, despite the fact that the case was properly removed." *Callender v. Anthes*, No. DKC 14-0121, 2014 WL 1577787 (D. Md. April 18, 2014).

A district court has broad discretion to decide whether joinder or severance of parties is appropriate under the Federal Rules of Civil Procedure. *See Saval v. BL, LTD.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983). "Courts have recognized a presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed, placing the burden on the party moving for severance to show that (1) it will be severely prejudiced without a separate trial; and (2) the issue to be severed is so distinct and separable that a trial of that issue alone may proceed without injustice." *Equal Rights Center v. Equity Residential*, 483 F.Supp.2d 482, 489 (D. Md. 2007) (Davis, J.). "While Rule 21 is silent on the standard applicable for determining

3

misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D.V.A. 2003).

Rule 20(a) allows multiple plaintiffs to join in the same action if the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all plaintiffs will arise in the action. The Supreme Court has explained that joinder should be used to allow the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Therefore, "the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval*, 710 F.2d at 1031.

### III. DISCUSSION

Plaintiffs argue that the case must be remanded in its entirety to state court because of a forum-selection clause in the contracts between JM & GW, on the one hand, and Matworks, on the other, which specifies the state courts in Prince George's County as the only appropriate venues for litigation. The forum selection clause states:

> This Agreement shall be governed by… laws of the state of Maryland…. Any judicial proceeding that is brought by or against any of the parties to this agreement concerning any dispute which arises out of this Agreement **or any matter related hereto** shall be brought exclusively in the District Court of Maryland for Prince George's County or in the Circuit Court for Prince George's County, Maryland…. [E]ach party… accepts the exclusive jurisdiction of such court…". ECF No. 7-2 at ¶ 24 (emphasis added).

The language "or any matter related hereto," Plaintiffs argue, also covers Leamer's personal injury claims. They also point out that the contracts have specific provisions that bind Leamer personally as an officer of JM & GW. *See, e.g.*, ECF No. 7-3 at ¶ 19 (JM & GW agrees

4

that it shall not, through any of its officers, directors, agents, or otherwise—e.g., Leamer—solicit additional work from the customer that is related to the work it was contracted to do).

Alternatively, Plaintiffs argue that the claims of JM & GW and Leamer are properly joined pursuant to Rule 20(a) because they arise from the same transaction, occurrence, or series of transactions or occurrences because but for the contracts that form the basis of JM & GW's claims, Leamer would not have been in a position to be defamed.

Matworks, in opposition, argues that JM & GW's and Leamer's claims are misjoined and do not meet the requirements of Rule 20(a). Therefore, it says, the Court should sever the claims and send only the contract-related claims—the only claims covered by the forum selection clause—back to state court. Separating JM & GW's claims from Leamer's, Matworks goes on to say, would also make the parties perfectly diverse and preserve the Court's jurisdiction over the personal injury claims.

As an initial matter, it is indisputable that the forum selection clause in the contracts requires that JM & GW's claims be heard in state court in Prince George's County. The contracts unambiguously identify the Maryland District and Circuit Courts for Prince George's County as the exclusive venues for any litigation related to the contracts. But JM & GW's claims of tortious interference with contractual relations and conversion of property that occurred during the breach of the contractual relationship are clearly claims related to the contracts. For that reason, they, too, are covered by the forum selection clause. The Court therefore finds that all of JM & GW's claims are properly remanded back to state court, in this case to Prince George's County Circuit Court, where the Complaint was originally filed.

It is less clear that the forum selection clause applies to Leamer's personal injury claims. She, individually, is not a party to the contracts. Still, it is at least arguable that the personal tort claims she brings here qualify as matters related to the contracts.

At issue, then, are Counts IV and V brought by Leamer for defamation and intentional infliction of emotional distress. If they are not severed, diversity of jurisdiction will not be satisfied, and those tort claims should go back to state court along with JM & GW's claims. From a practical standpoint, of course, judicial economy favors keeping the claims joined, and although Matworks may suffer some minimal prejudice by facing all claims together, the Court is confident that a Maryland judge could reasonably bifurcate the trial with respect to JM & GW and Leamer's claims.

But on the "law," Rule 20(a) permits multiple plaintiffs to join in the same action if the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all plaintiffs will arise in the action. The Court is obliged to conclude at this juncture, at least, that some questions of fact or law may well underlie both Leamer's tort claims and one or more of JM & GW's contract-related claims.

For instance, JM & GW alleges that Matworks tortiously interfered with contractual relations by trying to persuade JM & GW employees to leave their employment and work directly for Matworks or one of its customer sites. If the alleged defamation of Leamer—JM & GW's managing member in Texas— is found to have been in any way related to that attempt, perhaps as part of a broader effort to malign JM & GW's reputation in order to undermine the contracts, it would follow that the injury to Leamer stemmed from the same transaction, and the question of motive would be common to both the defamation claim and one or more of the contract claims. In other words, given those possible scenarios, the contract and tort claims would be properly joined.

Whether to sever the tort claims Leamer brings is a close call. The Court, however, cannot say with full assurance that her claims have been misjoined with those of JM & GW. Accordingly, with all respect to the Circuit Court for Prince George's County, which may want to revisit the joinder issue, the Court will **DENY** the Motion to Sever and **REMAND** the entire case back to the Circuit Court for Prince George's County. That court may decide whether it believes it appropriate to sever, or perhaps bifurcate, JM & GW and Leamer's claims. But, on balance, this Court is satisfied that considerations of judicial economy and state sovereignty will be served best by presuming that the Circuit Court for Prince George's County will handle the entire case, subject to any case management it deems appropriate as litigation goes forward.

Because severance and therefore the appropriateness of remanding Leamer's claims is a close question, Matworks cannot be said to have acted in bad faith by removing the case to this Court. Accordingly, the Court **DENIES** Plaintiffs' request for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Sever is **DENIED** and Plaintiffs' Motion to Remand is **GRANTED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 11, 2019**